IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALMEDA MALL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SHOE SHOW, INC., SHOE SHOW, | § | CIVIL ACTION NO. H-08-2940 |
| INC. d/b/a THE SHOE DEPT., | § | |
| INC., and THE SHOE SHOW OF | § | |
| ROCKY MOUNT, INC. d/b/a | § | |
| SHOE DEPT., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Almeda Mall, L.P. brings this action against Shoe Show, Inc., Shoe Show, Inc. d/b/a The Shoe Dept., and The Shoe Show of Rocky Mount, Inc. d/b/a Shoe Dept. (collectively "Shoe Show") alleging breach of a shopping mall lease agreement. In a Memorandum Opinion and Order (Docket Entry No. 38) on June 2, 2010, the court granted Almeda Mall's Motion for Summary Judgment as to Shoe Show's liability for breach of contract, and ordered the parties either to stipulate to damages or to present evidence concerning the proper measure of damages.[1] On July 15, 2010, the parties filed a Joint Stipulation Regarding Contract Damages specifying an agreed amount of $861,488.00, excluding court costs, post-judgment interest, or attorney's fees (Docket Entry No. 41). Pending before the court is

---

[1]The Memorandum Opinion and Order describes the factual and procedural background of this action.

Almeda Mall's Motion for Award of Attorney's Fees (Docket Entry
No. 42), which argues that the court should grant a fee award of
$258,446.00, representing a thirty percent contingent fee on the
stipulated damages, or alternatively an award of $89,835.00 based
on an hourly rate.  Shoe Show has responded (Docket Entry No. 43).
For the reasons explained below, the court will award Almeda Mall
$89,835.00 in attorney's fees.

## I.   **Attorney's Fee Awards**

The Lease Agreement between the parties allows for the
recovery of "reasonable attorneys' fees."[2]   "State law controls
both the award of and the reasonableness of fees awarded where
state law supplies the rule of decision."  Mathis v. Exxon Corp.,
302 F.3d 448, 461 (5th Cir. 2002).  In the Memorandum Opinion and
Order the court concluded that Ohio law governs the Lease
Agreement.[3]   Under Ohio law contractual agreements to pay another
party's attorney's fees are typically "enforceable and not void as
against public policy so long as the fees awarded are fair, just
and reasonable as determined by the trial court upon full
consideration of all of the circumstances of the case."  Wilborn v.
Bank One Corp., 906 N.E.2d 396, 400 (Ohio 2009) (quoting

---

[2]Lease Agreement, Exhibit 1 to Plaintiff, Almeda Mall L.P.'s
Memorandum in Support of Motion for Summary Judgment ("Almeda
Mall's Motion"), Docket Entry No. 31, § 13.02(c).

[3]Memorandum Opinion and Order, Docket Entry No. 38, p. 8.

<u>Nottingdale Homeowners' Assn., Inc. v. Darby</u>, 514 N.E.2d 702, 703
(Ohio 1987)).

A party seeking an award of attorney's fees has the burden of
demonstrating the reasonable value of such services. <u>Hikmet v.
Turkoglu</u>, 2009 WL 4699101, *16 (Ohio Ct. App. 2009). A party
seeking attorney's fees in federal court bears the burden of
producing adequate documentation of the hours spent litigating the
claims. <u>See League of United Latin American Citizens No. 4552
(LULAC) v. Roscoe Independent School District</u>, 119 F.3d 1228,
1232-33 (5th Cir. 1997). Specifically, the moving party must
detail the hours expended in a manner that is sufficient for the
court to confirm that the party has met its burden. <u>Id.</u>

## A.    Calculating the Fee Award

Almeda Mall requests a fee award of $258,446.00, representing
thirty percent of the stipulated damages of $861,488.00. Almeda
Mall argues that such an award is supported by its fee agreement
with its attorney, Julian Fertitta. The agreement calls for a
contingent fee of thirty percent of all sums recovered.[4]
Alternatively, Almeda Mall seeks an award of $89,835.00 based on
276.2 hours of a partner's time at $300 per hour and 46.5 hours of

---

[4]Power of Attorney, Contingent Fee Agreement and Assignment,
Exhibit B to Affidavit of Julian J. Fertitta, III, Exhibit 1 to
Plaintiff Almeda Mall L.P.'s Motion for Award of Attorney's Fees,
Docket Entry No. 42, ¶ 7.

-3-

an associate's time at $150 per hour. Almeda Mall has provided an affidavit and invoices supporting these amounts.[5]

Shoe Show argues that an award of $258,446.00 is unreasonable, because it compensates Almeda Mall's attorney at a rate substantially higher than his customary hourly rate. Shoe Show argues that under Ohio law an award of attorney's fees is calculated based on a reasonable number of hours worked at a reasonable hourly rate. Shoe Show also questions whether the hours claimed by Fertitta, 276.2 hours of a partner's time and 46.5 hours of an associate's time, are consistent with an affidavit Fertitta provided on March 11, 2010, in which he claimed that he had worked 216 hours on the case at that time.[6]

## B.  Ohio Courts Employ the Lodestar Method

Ohio courts generally calculate attorney's fee awards under the lodestar method, which bases an award on the hours worked at a reasonable hourly rate. The Supreme Court of Ohio has stated, in connection with an award of attorney's fees under a state consumer protection statute, that "[t]he most useful starting point for

_____

[5]Affidavit of Julian J. Fertitta, III, Exhibit 1 to Plaintiff Almeda Mall L.P.'s Motion for Award of Attorney's Fees, Docket Entry No. 42, ¶ 4.  Invoices supporting the claimed hours are provided in Exhibit C to the Affidavit.

[6]See Affidavit of Julian J. Fertitta, III, Exhibit 8 to Plaintiff, Almeda Mall L.P.'s Memorandum in Support of Motion for Summary Judgment, Docket Entry No. 31, ¶ 4.

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Bittner v. Tri-County Toyota, Inc., 569 N.E.2d 464, 466 (Ohio 1991) (quoting Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983)).  The court in Bittner stated that a trial court should also consider other relevant factors, which in that case involved a statutory list of factors including:  the time and labor involved; the novelty and difficulty of the questions involved; the fee customarily charged; the amount involved and the results obtained; the experience, reputation, and ability of the  attorney; and whether the fee is fixed or contingent.  Id. at 467.

In Landis v. Grange Mut. Ins. Co., 695 N.E.2d 1140, 1142-43 (Ohio 1998), the Supreme Court of Ohio considered a case in which a trial court had awarded an attorney's fee of one-third of damages based on a contingency fee agreement between the prevailing plaintiff and his attorney.  The court concluded that "the trial court abused its discretion, not by requiring Grange to pay attorney fees, but by requiring Grange to pay attorney fees pursuant to a contract to which it was not a party."  Id. at 1143. The court remanded the case and instructed the trial court to determine the attorney's fee based on the methodology described in Bittner.  Id.

-5-

Bittner and Landis make clear that the starting point for an award of reasonable attorney's fees in Ohio is the number of hours worked at a reasonable hourly rate.  Landis suggests that it is not reasonable to make an award based on a contingent fee agreement to which the defendant is not a party.

## C.   Conclusion

Following Ohio law, the court will follow the lodestar method and award Almeda Mall $89,835.00 in attorney's fees.  Almeda Mall has provided evidence supporting the claimed hours and hourly rates.  The court concludes that, given the scope of the dispute and the relative complexity of the contractual issues involved, the number of hours and the hourly rate claimed in Fertitta's affidavit are reasonable.  Shoe Show has given the court no reason to conclude that they are not reasonable.

Regarding the difference in hours claimed in Fertitta's March 11, 2010, affidavit and the hours claimed in his July 15, 2010, affidavit, the court concludes that there is no discrepancy. Fertitta oversaw the drafting of four legal documents after March 11, 2010 (Docket Entry Nos. 34, 37, 41, and 42), including Almeda Mall's Response to Shoe Show's Motion for Summary Judgment. Furthermore, the July 15 affidavit includes 46.5 hours of associate's time that were not claimed in the earlier affidavit. The court concludes that Fertitta's claimed hours are adequately supported by the affidavit and the attached invoices.

-6-

A trial court may depart upward or downward from an hourly-rate award based on the factors listed in Bittner, 569 N.E.2d at 466. None of the factors provide a compelling reason to depart from the hourly-rate award in this action. Attorneys representing commercial entities in contract disputes of this nature are typically compensated at an hourly rate, and the court has already concluded that the number of hours claimed and the hourly rate charged are reasonable given the facts of this action. The court concludes that no departure from the lodestar amount is merited.

### III. Conclusion and Order

For the reasons explained above, the court concludes that under the lodestar method an award of $89,835.00 in attorney's fees is appropriate. Therefore, Plaintiff Almeda Mall L.P.'s Motion for Award of Attorney's Fees (Docket Entry No. 42) is **GRANTED**. Almeda Mall is awarded attorney's fees in the amount of $89,835.00.

**SIGNED** at Houston, Texas, on this the 2nd day of August, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE